1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HUNG DUONG NGUON,

11            Plaintiff,                No. CIV S-10-1294 GGH P

12        vs.

13   TIM V. VIRGA,

14            Defendant.              <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Although plaintiff filed his

17   complaint on a habeas petition form, it must be re-designated, for the reasons set forth below, as

18   an action pursuant to 42 U.S.C. § 1983.  Moreover, the court will not rule at this time on

19   plaintiff's inadequate request pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis for two

20   reasons.  One, because plaintiff has failed to provide a certified copy of his prison trust account

21   statement for the six month period immediately preceding the filing of his complaint and the

22   certificate portion of the in forma pauperis application has not been filled out and signed by an

23   authorized prison official.  <u>See</u> 28 U.S.C. § 1915(a)(2).  Two, there is a significant difference

24   between the statutory filing fee for a civil rights action, which is $350.00 and the filing fee for the

25   habeas petition plaintiff evidently believed he was filing as a petitioner, which is $5.00.  Plaintiff

26   will be provided another opportunity to submit a fully completed application to proceed in forma

1

1  pauperis, should he choose to proceed in this action.  This proceeding was referred to this court

2  by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

3        The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16        A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

22  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23  v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

24  570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

25  that allows the court to draw the reasonable inference that the defendant is liable for the

26  misconduct alleged."  Id.

1    In reviewing a complaint under this standard, the court must accept as true the

2  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

4  and resolve all doubts in the plaintiff's favor.   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct.

5  1843 (1969).

6    Plaintiff alleges that prison officials at California Medical Facility have been

7  serving an inedible meat, which he describes as "highly disgusting," but which he nevertheless

8  has eaten after which he "suffered continuous bouts of diarrhea, stomach pain, vomiting,

9  dizziness and other ailments."  Complaint, p. 4.  Plaintiff claims that prison officials identified

10  the meat as a "soy product," but did not provide concrete evidence of that.  Id., at 4-5.   Plaintiff

11  claims that the experimental "rat meat" was served to prisoners for a period of months.  Id., at 5.

12  Plaintiff claims that most of the prisoners who he claims died (without providing any supporting

13  evidence for such a broad-sweeping, generalized claim) did not know the "rat meat" contributed

14  to their poor health.  Id., at 5.  Plaintiff does not identify any specific relief sought.

15    This action must be re-designated as a civil rights action because plaintiff herein

16  is challenging a condition of confinement and not the duration of his sentence:

17         Federal law opens two main avenues to relief on complaints related
       to imprisonment: a petition for habeas corpus, 28 U.S.C.  2254,
18         and a complaint under the Civil Rights Act of 1871, Rev. Stat.
       1979, as amended, 42 U.S.C.  1983.   Challenges to the validity of
19         any confinement or to particulars affecting its duration are the
       province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475,
20         500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief
       turning on circumstances of confinement may be presented in a §
21         1983 action.

22  <u>Muhammad v. Close</u>, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

23    But even as so designated, the complaint is defective.  Plaintiff's filing violates

24  Rule 8 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P 8 sets forth general rules of

25  pleading in the federal courts.  Complaints are required to set a forth (1) the grounds upon which

26  the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to

1   relief; and (3) a demand for the relief plaintiff seeks.  All that is required are sufficient

2   allegations to put defendants fairly on notice of the claims against them.  See Conley v. Gibson,

3   355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957) (abrogated on another ground by Bell Atlantic Corp.,

4   supra, 550 U.S. 544, 127 S. Ct. 1955);  5 C. Wright & A. Miller, Federal Practice and Procedure

5   § 1202 (2d ed. 1990).   The complaint does not contain sufficient allegations to put defendants

6   fairly on notice.  See Conley, supra, at 47, 78 S. Ct. at 102; Richmond v. Nationwide Cassel L.P.,

7   52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to

8   satisfy the notice requirement of  Rule 8).

9          Plaintiff fails to identify within the body of his complaint any individual against

10   whom he makes his allegations.[1]  He fails to identify the date or dates during which the actions of

11   which he complains allegedly took place.  He fails to identify any form of relief that he seeks.

12   Moreover, to the extent that he intends to frame a complaint on behalf of others, plaintiff does

13   not have standing to do so.  Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party

14   must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina

15   Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422

16   U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974).

17          However, "[p]rison officials have a duty to ensure that prisoners are provided

18   adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v.

19   Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. at 832,

20   114 S. Ct. 1970;  Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) ("[A]n institution's

21   obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with

22   adequate food, clothing, shelter, sanitation, medical care, and personal safety" [internal

23   quotations omitted]).   When an inmate has been deprived of necessities, "the circumstances,

24

---

25          [1] His identification of Timothy Virga as respondent in his putative petition is not enough
     to transmute this individual into a defendant without setting forth how he is responsible for the
26   conduct of which plaintiff complains within the body of his complaint.

1   nature and duration of a deprivation...must be considered in determining whether a constitutional

2   violation has occurred." <u>Johnson</u>, <u>supra</u>, at 731.  "'[A] lack of sanitation that is severe or

3   prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.'"

4   <u>Id.</u>, quoting <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir.

5   1995).  Under the Eighth Amendment, "[c]onditions must not involve the wanton and

6   unnecessary infliction of pain...."  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399

7   (1981).  Plaintiff's complaint will be dismissed but plaintiff will be given leave to amend to cure

8   the defects of this action.

9              If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

11  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

13  there is some affirmative link or connection between a defendant's actions and the claimed

14  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d

15  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

16  vague and conclusory allegations of official participation in civil rights violations are not

17  sufficient.  <u>See Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

18             In addition, plaintiff is informed that the court cannot refer to a prior pleading in

19  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

20  complaint be complete in itself without reference to any prior pleading.  This is because, as a

21  general rule, an amended complaint supersedes the original complaint.  <u>See Loux v. Rhay</u>, 375

22  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

23  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

24  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

25  \\\\\

26  \\\\\

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  The Clerk of the Court is to re-designate this action as one brought pursuant to

3    42 U.S.C. § 1983.

4    2.  The Clerk of the Court shall also provide plaintiff with another copy of the in

5    forma pauperis application used by this court.

6    3.  Within twenty-eight days of the date of this order, plaintiff shall submit, a fully

7    completed in forma pauperis application.

8    4.  The complaint is dismissed for the reasons discussed above, with leave to file

9    an amended complaint within twenty-eight days from the date of service of this order.  Failure to

10   file an amended complaint will result in a recommendation that the action be dismissed.

11   5.  Plaintiff's failure to comply with any portion of this order will result in

12   dismissal of this action.

13   DATED: August 9, 2010

14

15                                    /s/ Gregory G. Hollows

16                                    _____
                                      GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE
     GGH:009
17   nguo1294.b

18

19

20

21

22

23

24

25

26